UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBRA A. BARNARD,<br><br>               Plaintiff,<br><br>     v.<br><br>BANK OF AMERICA N.A. d/b/a U.S. TRUST BANK OF AMERICA PRIVATE WEALTH MANAGEMENT, FRANCES BARRETT and MARK PALUZZI,<br><br>               Defendants. | Civil Action No.:  1:12-cv-11225-RWZ |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Bank of America, N.A. (improperly named in Plaintiff Debra A. Barnard's Complaint as "Bank of America N.A. d/b/a U.S. Trust Bank of America Private Wealth Management") (the "Bank"), Frances Barrett ("Barrett") and Mark Paluzzi ("Paluzzi") (collectively "Defendants") answer the Complaint of plaintiff Debra A. Barnard ("Barnard" or "Plaintiff") as follows:

### Parties

1.      Upon information and belief, Defendants admit the allegations in Paragraph 1 of the Complaint.

2.      Defendants admit that Bank of America, N.A. (the "Bank") is a national banking association with a principal place of business in Charlotte, North Carolina and with an office located at 100 Federal Street, Boston, Massachusetts.  Except as expressly admitted, Defendants deny the allegations in Paragraph 2 of the Complaint.

3.     Defendants admit that Barrett is an individual employed by the Bank at its office located at 100 Federal Street, Boston, Massachusetts.  Except as expressly admitted, Defendants deny the allegations in Paragraph 3 of the Complaint.

4.     Defendants admit that Paluzzi is an individual employed by the Bank at its office located at 100 Federal Street, Boston, Massachusetts.  Except as expressly admitted, Defendants deny the allegations in Paragraph 4 of the Complaint.

### Factual Allegations

5.     Defendants admit that Plaintiff has worked for the Bank and its predecessors, including U.S. Trust Corporation ("U.S. Trust") and State Street Corporation ("State Street"), since 1972.  Further answering, Defendants admit that Plaintiff became an employee of U.S. Trust in or around 2003 as a result of U.S. Trust's acquisition of State Street's Private Asset Management business, and that Plaintiff subsequently became an employee of the Bank in 2007 as a result of the Bank's acquisition of U.S. Trust.  Except as expressly admitted, Defendants deny the allegations in Paragraph 5 of the Complaint.

6.     Defendants admit that, over the course of her tenure with the Bank and its predecessors, Plaintiff received promotions from time to time.  Defendants deny the remaining allegations in Paragraph 6 of the Complaint.

7.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, therefore, call upon Plaintiff to prove them.

8.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and, therefore, call upon Plaintiff to prove them.

9.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, therefore, call upon Plaintiff to prove them.

10.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, therefore, call upon Plaintiff to prove them.

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, therefore, call upon Plaintiff to prove them.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, therefore, call upon Plaintiff to prove them.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, therefore, call upon Plaintiff to prove them.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, therefore, call upon Plaintiff to prove them.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, therefore, call upon Plaintiff to prove them.

16.     Defendants admit that, in or around October 2003, U.S. Trust acquired the Private Asset Management business of State Street.   Defendants lack knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and, therefore, call upon Plaintiff to prove them.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and, therefore, call upon Plaintiff to prove them.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, therefore, call upon Plaintiff to prove them.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, therefore, call upon Plaintiff to prove them.

20.     Defendants admit the allegations in Paragraph 20 of the Complaint.

21.     Defendants admit that Plaintiff managed several millions of dollars in assets for her clients in 2011.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of the Complaint and, therefore, call upon Plaintiff to prove them.

22.     Defendants admit that Plaintiff's performance was rated as "Meets Expectations" during her employment with the Bank for the years 2008, 2009 and 2010.  Except as expressly admitted, Defendants deny the allegations in Paragraph 22 of the Complaint.

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and, therefore, call upon Plaintiff to prove them.

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and, therefore, call upon Plaintiff to prove them.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 25 of the Complaint and, therefore, call upon Plaintiff to prove them.  With regard to the allegations in the second sentence of Paragraph 25 of the Complaint, Defendants admit that, prior to taking a leave of absence beginning on October 17, 2011, Plaintiff managed several millions of dollars in assets for her clients in 2011. Defendants deny the remaining allegations in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations in Paragraph 27 of the Complaint.

28.     Defendants admit the allegations in Paragraph 28 of the Complaint.

29.     Defendants admit that, in his position as Regional Trust Executive, Paluzzi oversees the Bank's Emerging Wealth trust departments in Maine, New Hampshire, Massachusetts and Connecticut.  Defendants deny the remaining allegations in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations in Paragraph 32 of the Complaint.

33.     Defendants admit that, in or around July 2010, Market Trust Director Michael McDonough ("McDonough") requested that a Trust Officer from Barrett's team handle the administration of a Family Trust that is referred to in the Complaint as the "ABC Trust." Defendants deny the remaining allegations in Paragraph 33 of the Complaint.

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and, therefore, deny them.

35.     Defendants state that the ABC Trust is governed by its own trust instruments, which documents speak for themselves.  Defendants deny that Paragraph 35 of the Complaint contains a complete and accurate recitation of the contents of those documents.

36.     Defendants deny the allegations in Paragraph 36 of the Complaint.

37.     Paragraph 37 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that Paragraph 37 of the Complaint contains a complete and accurate recitation of the applicable law or legal documents.  Further answering, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Chuck and Shirley "believed" in Paragraph 37 of the Complaint and, therefore, deny them.

38.     Defendants deny the allegations in Paragraph 38 of the Complaint.

39.     Paragraph 39 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that Paragraph 39 of the Complaint contains a complete and accurate recitation of the applicable law or legal documents.

40.     Paragraph 40 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that Paragraph 40 of the Complaint contains a complete and accurate recitation of the applicable law or legal documents.

41.     Defendants deny the allegations in Paragraph 41 of the Complaint.

42.     Upon information and belief, Defendants admit the allegations in Paragraph 42 of the Complaint.

43.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and, therefore, deny them.

44.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and, therefore, deny them.

45.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about Plaintiff's concerns in Paragraph 45 of the Complaint and, therefore, deny them.  Further answering, Defendants state that Paragraph 45 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 45 of the Complaint.

46.     Upon information and belief, Defendants admit the allegations in Paragraph 46 of the Complaint.

47.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint and, therefore, deny them.

48.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint and, therefore, deny them.

49.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and, therefore, deny them.

50.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint, and therefore deny them.  To the extent that Plaintiff intends the allegations in this paragraph to suggest that what she allegedly "learn[ed]" was in fact true, Defendants deny the allegations in Paragraph 50 of the Complaint.

51.     Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations about what Plaintiff informed Chuck and Shirley in Paragraph 51 of the Complaint and, therefore, deny them.

52.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about what Chuck and Shirley "felt" in Paragraph 52 of the Complaint and, therefore, deny them.

53.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about what Chuck and Shirley asked Plaintiff in Paragraph 53 of the Complaint and, therefore, deny them.

54.     Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations about what Plaintiff told Chuck and Shirley in Paragraph 54 of the Complaint and, therefore, deny them.

55.     Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations about what Plaintiff told Chuck and Shirley or how they reacted in Paragraph 55 of the Complaint and, therefore, deny them.

56.     Defendants deny the allegations in Paragraph 56 of the Complaint.

57.     Defendants admit that former Trust Officer Jack Simpson ("Simpson") was assigned to the ABC Trust years prior to Plaintiff.  Defendants lack knowledge or information sufficient to form a belief as to truth of the remaining allegations in Paragraph 57 of the Complaint and, therefore, deny them.

58.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about Plaintiff's reaction in Paragraph 58 of the Complaint and, therefore, deny them.  Further answering, Defendants state that Paragraph 58 of the Complaint contains

8

conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that Paragraph 58 of the Complaint contains a complete and accurate recitation of the applicable law or legal documents.

59.    Defendants admit that the donor of the ABC Trust did not amend the trust to remove Josh as a beneficiary.  Defendants deny the remaining allegations in Paragraph 59 of the Complaint.

60.    Defendants state that the Bank's Associate Handbook ("Handbook") is a document that speaks for itself.

61.    Defendants state that the Handbook is a document that speaks for itself.

62.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about Plaintiff's concerns in Paragraph 62 of the Complaint and, therefore, deny them.  Further answering, Defendants state that Paragraph 62 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 62 of the Complaint.

63.    Defendants admit that Plaintiff advised Barrett, Market Trust Director, of some concerns she had about the ABC Trust.  Defendants lack knowledge or information sufficient to form a belief as to truth of the remaining allegations in Paragraph 63 of the Complaint and, therefore, deny them.

64.    Defendants admit that Paluzzi was advised of some concerns that Plaintiff had about the ABC Trust.  Defendants lack knowledge or information sufficient to form a belief as to truth of the remaining allegations in Paragraph 64 of the Complaint and, therefore, deny them.

65.    Defendants deny the allegations in Paragraph 65 of the Complaint.

66.     Defendants deny the allegations in the first sentence of Paragraph 66 of the Complaint.   With regard to the allegations in the second sentence of Paragraph 66 of the Complaint, Defendants admit that Paluzzi stated to Plaintiff that Simpson was an experienced Trust Officer.   Defendants deny the remaining allegations in Paragraph 66 of the Complaint.

67.     Defendants admit that Plaintiff consulted with Paluzzi and/or Barrett with regard to the ABC Trust a number of times in or around July and August 2010.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67 of the Complaint and, therefore, deny them.

68.     Defendants deny the allegations in Paragraph 68 of the Complaint.

69.     Defendants admit that Plaintiff consulted with Fiduciary Services Officer Brianna Adams ("Adams") and/or former Fiduciary Services Manager Andrew Hamil ("Hamil"), who were not from the office of legal counsel, with regard to the ABC Trust.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning McDonough's presence during any of these discussions in Paragraph 69 of the Complaint and, therefore, call upon Plaintiff to prove them.   Defendants deny the remaining allegations in Paragraph 69 of the Complaint.

70.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Plaintiff "felt" in Paragraph 70 of the Complaint and, therefore, deny them.

71.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Plaintiff "sensed" in Paragraph 71 of the Complaint and, therefore, deny them.

72.     Defendants deny the allegations in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations in Paragraph 74 of the Complaint.

75.     Defendants deny the allegations in Paragraph 75 of the Complaint.

76.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint and, therefore, deny them.

77.     Defendants deny the allegations in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations in Paragraph 78 of the Complaint.

79.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Plaintiff "felt" in Paragraph 79 of the Complaint and, therefore, deny them.

80.     Defendants deny the allegations in Paragraph 80 of the Complaint.

81.     Defendants lack knowledge or information sufficient to know what Plaintiff means by "Mr. McDonough agreed with Ms. Barnard" and therefore are unable to admit or deny the allegation related to same.   To the extent a response is required, Defendants deny the allegations in Paragraph 81 of the Complaint.

82.     Defendants admit that it was decided that past account statements for the ABC Trust would be sent to Josh.  Defendants deny the remaining allegations in Paragraph 82 of the Complaint.

83.     Upon information and belief, Defendants admit that Plaintiff's assistant gathered the past account statements to send to Josh.  Defendants deny the remaining allegations in Paragraph 83 of the Complaint.

84.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint and, therefore, deny them.

85.     Defendants deny the allegations in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations in Paragraph 86 of the Complaint.

87.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Plaintiff "believed" in Paragraph 87 of the Complaint and, therefore, deny them.

88.     Defendants admit that Plaintiff advised Barrett that she did not want to send the letter to Josh enclosing the account statements.   Defendants deny the remaining allegations in Paragraph 88 of the Complaint.

89.     Defendants deny the allegations in Paragraph 89 of the Complaint.

90.     Defendants admit the allegations in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations in Paragraph 92 of the Complaint.

93.     Upon information and belief, Defendants admit that Plaintiff attended meetings in Seattle, Washington in or around Fall of 2010 with one of her clients.   Defendants deny the remaining allegations in Paragraph 93 of the Complaint.

94.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 of the Complaint and, therefore, call upon Plaintiff to prove them.

95.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 of the Complaint and, therefore, call upon Plaintiff to prove them.

96.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 of the Complaint and, therefore, call upon Plaintiff to prove them.

97.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 of the Complaint and, therefore, deny them.

98.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 of the Complaint and, therefore, deny them.

99.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the Complaint and, therefore, call upon Plaintiff to prove them.

100.     Defendants admit that Paluzzi met with Plaintiff to discuss her expense report after her trip to Seattle, Washington.  Defendants deny the remaining allegations in Paragraph 100 of the Complaint.

101.     Defendants deny the allegations in Paragraph 101 of the Complaint.

102.     Defendants admit that Paluzzi questioned Plaintiff as to why she had not used a hotel on the Bank's approved list, and advised her to do so in the future.  Defendants deny the remaining allegations in Paragraph 102 of the Complaint.

103.     Upon information and belief, Defendants deny the allegations in Paragraph 103 of the Complaint.

104.     Defendants deny the allegations in Paragraph 104 of the Complaint.

105.     Defendants deny the allegations in Paragraph 105 of the Complaint.

106.     Defendants deny the allegations in Paragraph 106 of the Complaint.

107.     Defendants deny the allegations in Paragraph 107 of the Complaint.

108.    Defendants deny the allegations in Paragraph 108 of the Complaint.

109.    Defendants admit that Plaintiff ultimately obtained Band-2 level manager approval for the travel expenses that she had incurred.   Defendants deny the remaining allegations in Paragraph 109 of the Complaint.

110.    Defendants deny the allegations in Paragraph 110 of the Complaint.

111.    Defendants admit that Plaintiff was issued a written warning dated August 23, 2011 (the "Written Warning"), which is a document that speaks for itself.  Defendants deny the remaining allegations in Paragraph 111 of the Complaint.

112.    Defendants admit that Plaintiff was scheduled to meet with Barrett on or about August 23, 2011 and that Paluzzi attended the meeting as well.  Defendants deny the remaining allegations in Paragraph 112 of the Complaint.

113.    Defendants deny the allegations in Paragraph 113 of the Complaint.

114.    Defendants deny the allegations in Paragraph 114 of the Complaint.

115.    Defendants admit that Plaintiff was issued a written warning dated August 23, 2011 (the "Written Warning"), which is a document that speaks for itself.  Further answering, Defendants admit that the Written Warning was issued to Plaintiff for her failure, *inter alia*, to act in accordance with certain Bank policies.  Defendants deny the remaining allegations in Paragraph 115 of the Complaint.

116.    Defendants deny the allegations in Paragraph 116 of the Complaint.

117.    Defendants admit that Plaintiff received her mid-year review in or around July 2011.  Defendants deny the remaining allegations in Paragraph 117 of the Complaint.

14

118.    Defendants admit that the issues raised in the Written Warning had not been raised in Plaintiff's mid-year review.  Defendants deny the remaining allegations in Paragraph 118 of the Complaint.

119.    Defendants deny the allegations in Paragraph 119 of the Complaint.

120.    Defendants deny the allegations in Paragraph 120 of the Complaint.

121.    Defendants deny the allegations in Paragraph 121 of the Complaint.

122.    Defendants deny the allegations in Paragraph 122 of the Complaint.

123.    Defendants admit that Plaintiff responded to the Written Warning in writing and satisfied some of the requirements that were set forth in the Written Warning.  Defendants deny the remaining allegations in Paragraph 123 of the Complaint.

124.    Defendants admit that Plaintiff requested that Paluzzi and Barrett provide her with all correspondence that they had in support for the performance issues addressed in the Written Warning.  Defendants deny the remaining allegations in Paragraph 124 of the Complaint.

125.    Defendants deny the allegations in Paragraph 125 of the Complaint.

126.    Upon information and belief, Defendants admit that Plaintiff's physician submitted a letter dated October 18, 2011, through Plaintiff's counsel, to the Bank stating that Plaintiff was unable to work until further notice.  Defendants lack knowledge and information concerning the truth of the allegations in Paragraph 126 of the Complaint concerning what Plaintiff and her physician discussed with each other, and therefore deny them.  Defendants deny the remaining allegations in Paragraph 126 of the Complaint.

127.    Defendants admit only that Plaintiff took short-term disability leave from approximately October 17, 2011 through December 11, 2011.  Defendants deny the remaining allegations in Paragraph 127 of the Complaint.

128.    Defendants deny the allegations in Paragraph 128 of the Complaint.

129.    Defendants deny the allegations in Paragraph 129 of the Complaint.

130.    Defendants admit only that Plaintiff filed a Charge of Discrimination (the "Charge"), a document which speaks for itself, with the Massachusetts Commission Against Discrimination ("MCAD") on or about February 13, 2012 against the Defendants.  Defendants deny the remaining allegations in Paragraph 130 of the Complaint.

131.    Defendants admit that the Charge was filed with the MCAD on or about February 13, 2012.  Defendants deny the remaining allegations in Paragraph 131 of the Complaint.

132.    Defendants state that the Charge is a document which speaks for itself.

133.    Paragraph 133 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that at least ninety (90) days have elapsed between Plaintiff's filing of her Charge with the MCAD on or about February 13, 2012 and her filing of the Complaint in Suffolk Superior Court on or about June 14, 2012.

134.    Defendants deny the allegations in Paragraph 134 of the Complaint.

135.    Defendants deny the allegations in Paragraph 135 of the Complaint.

## Causes of Action

### COUNT I
### (Alleged Disability Discrimination in Violation of M.G.L. c. 151B and the Americans with Disabilities Act ("ADA"))

136.    Defendants repeat and re-allege the answers to the allegations set forth in Paragraph 1 through 135 above as if fully set forth herein.

137.    Paragraph 137 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that Plaintiff filed a Charge with the MCAD on or about February 13, 2012, a document which speaks for itself, and that at

16

least ninety (90) days have elapsed between Plaintiff's filing of her Charge with the MCAD and her filing of the Complaint in Suffolk Superior Court on or about June 14, 2012.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 137 of the Complaint and, therefore, deny them.

138.    Defendants admit that, on or about June 15, 2012, Plaintiff, through her counsel, submitted a Notice of Withdrawal to the MCAD, which document speaks for itself.  Except as expressly admitted, Defendants deny the allegations in Paragraph 138 of the Complaint.

139.    Paragraph 139 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 139 of the Complaint.

140.    Paragraph 140 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that Paragraph 140 of the Complaint contains a complete and accurate recitation of the applicable law.

141.    Paragraph 141 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that Paragraph 141 of the Complaint contains a complete and accurate recitation of the applicable law.

142.    Paragraph 142 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that Paragraph 142 of the Complaint contains a complete and accurate recitation of the applicable law.  Further answering, to the extent this paragraph is deemed to contain any factual allegations, Defendants deny the allegations in Paragraph 142 of the Complaint.

143.    Paragraph 143 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, Defendants lack knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 143 of the Complaint and, therefore, deny them.

144.    Defendants deny the allegations in Paragraph 144 of the Complaint.

145.    Defendants deny the allegations in Paragraph 145 of the Complaint.

146.    Defendants deny the allegations in Paragraph 146 of the Complaint.

147.    Defendants deny the allegations in Paragraph 147 of the Complaint.

148.    Paragraph 148 of the Complaint states requests for relief and conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 148 of the Complaint, and specifically deny that Plaintiff is entitled to any of the relief that she seeks in this action.

**COUNT II**

**(Alleged Gender Discrimination/Hostile Work Environment in Violation of M.G.L. c. 151B and Title VII of the Civil Rights Act of 1964 ("Title VII"))**

149.    Defendants repeat and re-allege the answers to the allegations set forth in Paragraph 1 through 148 above as if fully set forth herein.

150.    Defendants state that the Handbook is a document that speaks for itself.  Further answering, Defendants admit that Section III of Chapter 2 of the Handbook contains the Bank's written policy against discrimination and harassment.  Except as expressly admitted, Defendants deny the allegations in Paragraph 150 of the Complaint.

151.    Defendants state that the Handbook is a document that speaks for itself.  Further answering, Defendants deny that Paragraph 151 of the Complaint contains a complete recitation of the Bank's written policy against discrimination and harassment contained in the Handbook.

152.    Defendants state that the Handbook is a document that speaks for itself.  Further answering, Defendants deny that Paragraph 152 of the Complaint contains a complete recitation of the Bank's written policy against discrimination and harassment contained in the Handbook.

153.    Defendants state that the Handbook is a document that speaks for itself.  Further answering, Defendants deny that Paragraph 153 of the Complaint contains a complete recitation of the Bank's written policy against discrimination and harassment contained in the Handbook.

154.    Defendants deny the allegations in Paragraph 154 of the Complaint.

155.    Paragraph 155 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 155 of the Complaint.

156.    Paragraph 156 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that Paragraph 156 of the Complaint contains a complete and accurate recitation of the applicable law.

157.    Paragraph 157 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that Paragraph 157 of the Complaint contains a complete and accurate recitation of the applicable law.

158.    Paragraph 158 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that Paragraph 158 of the Complaint contains a complete and accurate recitation of the applicable law.  Further answering, to the extent this paragraph is deemed to contain any factual allegations, Defendants deny the allegations in Paragraph 158 of the Complaint.

159.    Paragraph 159 of the Complaint states conclusions of law to which no response is required.   To the extent a response is required, Defendants deny that Paragraph 159 of the Complaint contains a complete and accurate recitation of the applicable law.

160.    Paragraph 160 of the Complaint states conclusions of law to which no response is required.   To the extent a response is required, Defendants deny that Paragraph 160 of the Complaint contains a complete and accurate recitation of the applicable law.

161.    Defendants deny the allegations in Paragraph 161 of the Complaint.

162.    Defendants deny the allegations in Paragraph 162 of the Complaint.

163.    Defendants deny the allegations in Paragraph 163 of the Complaint.

164.    Defendants deny the allegations in Paragraph 164 of the Complaint.

165.    Paragraph 165 of the Complaint states requests for relief and conclusions of law to which no response is required.   To the extent a response is required, Defendants deny the allegations in Paragraph 165 of the Complaint, and specifically deny that Plaintiff is entitled to any of the relief that she seeks in this action.

## COUNT III

### (Alleged Retaliatory Discharge/Wrongful Termination)

166.    Defendants repeat and re-allege the answers to the allegations set forth in Paragraph 1 through 165 above as if fully set forth herein.

167.    Paragraph 167 of the Complaint states conclusions of law to which no response is required.   To the extent a response is required, Defendants deny that Paragraph 167 of the Complaint contains a complete and accurate recitation of the applicable law.

168.    Paragraph 168 of the Complaint states conclusions of law to which no response is required.   To the extent a response is required, Defendants deny that Paragraph 168 of the Complaint contains a complete and accurate recitation of the applicable law.

169.    Paragraph 169 of the Complaint states conclusions of law to which no response is required.   To the extent a response is required, Defendants deny that Paragraph 169 of the Complaint contains a complete and accurate recitation of the applicable law.  Defendants further state that M.G.L. c. 149 § 185 is applicable to public employers only, and as such, does not apply in this case.

170.    Paragraph 170 of the Complaint states conclusions of law to which no response is required.   To the extent a response is required, Defendants deny that Paragraph 170 of the Complaint contains a complete and accurate recitation of the applicable law.  Defendants further state that M.G.L. c. 151B provides an exclusive remedy for any alleged employment discrimination or retaliation, and as such, no separate cause of action in violation of public policy may be alleged in this case.

171.    Defendants deny the allegations in Paragraph 171 of the Complaint.

172.    Defendants deny the allegations in Paragraph 172 of the Complaint.

173.    Defendants deny the allegations in Paragraph 173 of the Complaint, and specifically deny that Plaintiff is entitled to any of the relief that she seeks in this action.

## COUNT IV

### (Alleged Breach of Covenant of Good Faith and Fair Dealing)

174.    Defendants repeat and re-allege the answers to the allegations set forth in Paragraph 1 through 173 above as if fully set forth herein.

175.     Paragraph 175 of the Complaint states conclusions of law to which no response is required.   To the extent a response is required, Defendants deny that Paragraph 175 of the Complaint contains a complete and accurate recitation of the applicable law.

176.     Paragraph 176 of the Complaint states conclusions of law to which no response is required.   To the extent a response is required, Defendants deny that Paragraph 176 of the Complaint contains a complete and accurate recitation of the applicable law.

177.     Paragraph 177 of the Complaint states conclusions of law to which no response is required.   To the extent a response is required, Defendants deny that Paragraph 177 of the Complaint contains a complete and accurate recitation of the applicable law.

178.     Paragraph 178 of the Complaint states conclusions of law to which no response is required.   To the extent a response is required, Defendants deny that Paragraph 178 of the Complaint contains a complete and accurate recitation of the applicable law.

179.     Paragraph 179 of the Complaint states conclusions of law to which no response is required.   To the extent a response is required, Defendants deny that Paragraph 179 of the Complaint contains a complete and accurate recitation of the applicable law.

180.     Defendants deny the allegations in Paragraph 180 of the Complaint.

181.     Defendants deny the allegations in Paragraph 181 of the Complaint.

182.     Defendants deny the allegations in Paragraph 182 of the Complaint.

183.     Defendants deny the allegations in Paragraph 183 of the Complaint.

184.     Defendants deny the allegations in Paragraph 184 of the Complaint, and specifically deny that Plaintiff is entitled to any of the relief that she seeks in this action.

## COUNT V

**(Alleged Tortious Interference with Contractual Relationship v. Paluzzi and Barrett)**

185.    Defendants repeat and re-allege the answers to the allegations set forth in Paragraph 1 through 184 above as if fully set forth herein.

186.    Defendants deny the allegations in Paragraph 186 of the Complaint.

187.    Defendants deny the allegations in Paragraph 187 of the Complaint.

188.    Defendants deny the allegations in Paragraph 188 of the Complaint.

189.    Defendants deny the allegations in Paragraph 189 of the Complaint.

190.    Defendants deny the allegations in Paragraph 190 of the Complaint, and specifically deny that Plaintiff is entitled to any of the relief that she seeks in this action.

## Response to Request for Punitive Damages

191.    Paragraph 191 of the Complaint states requests for relief and conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that Paragraph 191 of the Complaint contains a complete and accurate recitation of the applicable law.  Further answering, to the extent this paragraph is deemed to contain any factual allegations, Defendants deny the allegations in Paragraph 191 of the Complaint, and specifically deny that Plaintiff is entitled to any of the relief, including punitive damages, that she seeks in this action.

## Response to Jury Demand and Prayers for Relief

The final paragraph of the Complaint sets forth a jury demand and prayers for relief to which no response is required.  To the extent the jury demand and prayer for relief is deemed to contain allegations, Defendants deny each and every one of them.  Defendants specifically deny that Plaintiff is entitled to any damages, including, but not limited to, compensatory damages, back pay, front pay, benefits, emotional distress damages, punitive damages, economic damages, non-economic damages, attorneys' fees, costs or interest.

23

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that it would not otherwise have, Defendants affirmatively assert the following defenses:

### FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim against Defendants upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or are otherwise untimely.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part by Plaintiff's failure to exhaust administrative remedies and/or satisfy jurisdictional prerequisites.

### FOURTH DEFENSE

Plaintiff has failed to state a *prima facie* case of discrimination.

### FIFTH DEFENSE

Plaintiff cannot prevail on her claims because she was not a victim of any form of discrimination.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because she did not suffer any adverse employment actions.

### SEVENTH DEFENSE

Plaintiff's claims are barred because Defendants' actions toward Plaintiff were based on legitimate, nondiscriminatory and non-retaliatory business reasons that were in no way

retaliatory or related to Plaintiff's sex, alleged disability, alleged requests for accommodation, or alleged protected activity.

## EIGHTH DEFENSE

Plaintiff's claims are barred because she was properly counseled for reasons including, but not limited to, her poor performance, inappropriate behavior, failure to perform her job duties, failure to follow Bank policy, and negligent disclosure of privileged and confidential information of the Bank and its clients.

## NINTH DEFENSE

Plaintiff's Complaint fails to allege any facts to demonstrate that Defendants' treatment of Plaintiff was pretext for the alleged sex and/or disability discrimination.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because at all relevant times, the Bank maintained a policy prohibiting discrimination and procedures for investigating and preventing discrimination, the Bank exercised reasonable care through such policies and procedures to prevent and promptly correct any discrimination, and Plaintiff unreasonably failed to avail herself of opportunities pursuant to those policies and procedures or otherwise, to be free from discrimination, and failed to provide the Bank with adequate and timely notice of the alleged discrimination.

## ELEVENTH DEFENSE

Without conceding that Defendants have the burden of proof on this issue, Defendants acted in good faith and without any discriminatory motive, intent, malice, or reckless disregard for Plaintiff's rights under any federal or state laws, rules, regulations or guidelines.

## TWELFTH DEFENSE

Plaintiff's disability discrimination claim (Count I) fails because she is not a qualified individual with a disability under the Americans with Disabilities Act or the Massachusetts Fair Employment Practices Act (M.G.L. c. 151B) and does not have a record of a physical or mental impairment that substantially limits one or more major life activities.

## THIRTEENTH DEFENSE

Plaintiff's disability discrimination claim (Count I) fails because Plaintiff failed to request any reasonable accommodation to enable her to return to work.

## FOURTEENTH DEFENSE

Plaintiff's disability discrimination claim (Count I) fails because Plaintiff could not perform the essential functions of her position with or without a reasonable accommodation.

## FIFTEENTH DEFENSE

Plaintiff's hostile work environment claim (Count II) fails because she cannot establish severe or pervasive discrimination based upon her sex or any other protected category.

## SIXTEENTH DEFENSE

Plaintiff's retaliation/wrongful discharge claim (Count III) fails because she is unable to establish that she engaged in a protected activity or suffered any adverse action as a result.

## SEVENTEENTH DEFENSE

Plaintiff's retaliation/wrongful discharge claim (Count III) fails because she is unable to identify any clearly established public policy in support of an exception to Massachusetts' at-will employment rule.

## EIGHTEENTH DEFENSE

Plaintiff's breach of covenant of good faith and fair dealing claim (Count IV) fails because Plaintiff is an at-will employee and no employment contract existed between Plaintiff and the Bank as alleged.

## NINETEENTH DEFENSE

Plaintiff's breach of covenant of good faith and fair dealing claim (Count IV) fails because, assuming without conceding that the alleged employment contract exists, such contract is void for lack of consideration.

## TWENTIETH DEFENSE

Plaintiff's claim for tortious interference with contractual relationship (Count V) fails because any purported interference was done for legitimate business reasons.

## TWENTY-FIRST DEFENSE

Plaintiff's claim for tortious interference with contractual relationship (Count V) fails because any purported interference was not done by improper means or for an improper motive.

## TWENTY-SECOND DEFENSE

Plaintiff's claim for tortious interference with contractual relationship (Count V) fails because Paluzzi and Barrett acted within the scope of their employment responsibilities for the Bank and did not act with malice.

## TWENTY-THIRD DEFENSE

Plaintiff's Complaint fails to state a claim as to Paluzzi and Barrett because one or more of the statutes cited by Plaintiff does not provide for individual liability and, in any event, because the Paluzzi and Barrett did not engage in any discriminatory conduct while acting in the scope of their employment.

### TWENTY-FOURTH DEFENSE

Plaintiff's Complaint fails because Paluzzi and Barrett acted with lawful cause, and not with improper means or motive, with regard to any and all job actions and conduct that they undertook with respect to Plaintiff's employment.

### TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel and/or unclean hands.

### TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the exclusive remedies provisions of the Massachusetts Workers' Compensation statute (M.G.L. c. 152) and/or the Massachusetts Fair Employment Practices Act (M.G.L. c. 151B).

### TWENTY-SEVENTH DEFENSE

Plaintiff lacks standing to assert the legal rights or interests of others, including but not limited to her own estate to the extent that it is in bankruptcy.

### TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrine of judicial estoppel to the extent that she has taken inconsistent positions or made inconsistent representations in this or another forum.

### TWENTY-NINTH DEFENSE

Plaintiff has not suffered any injury as a result of Defendants' alleged conduct.

### THIRTIETH DEFENSE

Damages sustained by Plaintiff, if any, were neither foreseeable nor proximately caused by any actions or omissions by Defendants.

### THIRTY-FIRST DEFENSE

Any damages that Plaintiff has suffered were caused in whole or in part by her own conduct.

### THIRTY-SECOND DEFENSE

To the extent that Plaintiff failed to mitigate, minimize or avoid any damages allegedly sustained, any recovery against Defendants must be reduced accordingly.

### THIRTY-THIRD DEFENSE

Plaintiff's claims are diminished in whole or in part by the after-acquired evidence doctrine.

### THIRTY-FOURTH DEFENSE

Plaintiff is not entitled to multiple or duplicative recoveries of damages or other relief in connection with the same set of events or conduct.

### THIRTY-FIFTH DEFENSE

The damages and relief sought in Plaintiff's Complaint are, in whole or in part, not legally authorized.

### THIRTY-SIXTH DEFENSE

The Complaint fails to state facts sufficient to sustain a claim for, or recovery of punitive damages.

### THIRTY-SEVENTH DEFENSE

Defendants reserve their right under FRCP 15 to amend this Answer and assert additional affirmative defenses as they become known and apparent.

Respectfully submitted,

DEFENDANTS
BANK OF AMERICA, N.A., FRANCES
BARRETT and MARK PALUZZI,

By their Attorneys,

/s/ Stephanie A. Bruce
Alice A. Kokodis, Esq. (BBO# 631401)
akokodis@edwardswildman.com
Stephanie A. Bruce, Esq. (BBO# 657370)
sbruce@edwardswildman.com
EDWARDS WILDMAN PALMER LLP
111 Huntington Avenue
Boston, MA 02199
Telephone (617) 239-0100
Fax (617) 227-4200

**DATED:**        August 17, 2012

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 17, 2012.

/s/ Stephanie A. Bruce
Stephanie A. Bruce

America 17009367.9